IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**STEVEN HART,**

    **Plaintiff,**

v.                                    **Case No. 3:12-cv-0521**

**WEST VIRGINIA REGIONAL JAIL
AUTHORITY; LOCKHART AND
LOCKHART BONDING; and CABELL
COUNTY MAGISTRATE CLERK**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is the initial screening of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 (Docket No. 2) and his Application to Proceed Without Prepayment of Fees and Costs (Docket No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, Steven Hart ("Hart"), filed this complaint on February 24, 2012. Hart alleges that he was unlawfully imprisoned by the defendants from May 4, 2009 through August 21, 2009 in violation of his constitutional rights. He seeks money damages in excess of one million dollars. (Docket No. 2 at 5). For the reasons that follow, the undersigned **FINDS** that the complaint fails to state a claim upon which relief may be

granted and, thus, **RECOMMENDS** that the presiding District Judge dismiss the complaint, with prejudice, and remove it from the docket of the Court.

## I. Relevant History

On January 12, 2009, Hart was indicted by a Cabell County, West Virginia Grand Jury on one count of failure to register as a sex offender, one count of burglary, and one count of fleeing from an officer. He was summoned to appear before a magistrate and was subsequently released on bond.[1] On March 14, 2009, Hart was arrested on a domestic violence petition and released, but was again arrested three days later on two counts related to a domestic violence petition and a "failure to process." Hart was once more released, but was required to post a second bond. On April 24, 2009, while on release subject to the two bonds, Hart was arrested for burglary. He was taken to magistrate court on May 4, 2009 and the burglary charge was dismissed. After the dismissal, however, Hart was returned to the Western Regional Jail where he allegedly remained incarcerated until August 21, 2009. On October 2, 2009, Hart pled guilty to one count of failure to register as a sex offender. He was re-arrested on December 29, 2009 when he failed to appear for his sentencing hearing. Hart was subsequently sentenced to a term of imprisonment of one to five years and is currently an inmate at the McDowell County Correctional Center in Welch, West Virginia.

In the present civil action, Hart complains that he should not have been held at the Western Regional Jail after his burglary charge was dismissed in May 2009, because his prior bonds had not been revoked. According to Hart, upon dismissal of the burglary charge, which was the sole reason for his incarceration at that time, he should have been

---

[1] The relevant history is found in exhibits 1 through 8 attached to the complaint. (Docket No. 2-1 at 1-10).

immediately released from custody.

## II. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs).[2] The Court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). It lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d

---

[2] Under 28 U.S.C. § 1915A, the Court also must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

Here, Hart alleges wrongdoing that entitles him to relief under 42 U.S.C. § 1983; accordingly, this Court must screen the complaint to determine if it states a valid claim against the named defendants under that section. Title 42 U.S.C. § 1983 provides as follows:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Scheuer v. Rhodes,* 416 U.S. 232, 243 (1974), quoting *Monroe v. Pape,* 365 U.S. 167, 171-72 (1961). In order to state a cause of action under § 1983, a plaintiff must present facts showing that: (1) a person (the defendant) deprived him or her of a federally protected civil right, privilege or immunity and (2) that the defendant did so under color of state law. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, a complaint

that states plausible facts and accepted legal theories under § 1983 may nonetheless be subject to dismissal on initial screening if the defendant is immune from liability.

### III.  Analysis

As explained in greater detailed below, Hart's complaint fails for three reasons. First, the West Virginia Regional Jail and Correctional Facility Authority ("WVRJA") is not a "person" within the meaning of 42 U.S.C. § 1983. Second, Hart does not contend and the facts do not suggest that Lockhart and Lockhart Bonding acted "under color of state law" when it issued bail bonds at Hart's request. Consequently, Hart is unable to establish a *prima facie* case under 42 U.S.C. § 1983 against these two defendants. Lastly, even if Hart establishes that the Cabell County Magistrate Clerk is a "person" under § 1983 and acted under color of state law, Hart's complaint fails to include any factual allegations that establish a plausible cause of action against the Clerk; therefore, the complaint should be dismissed for failure to state a claim.

#### A.  The WVRJA is not a "Person" for Purposes of § 1983 and is Immune from Liability.

The Eleventh Amendment to the United States Constitution provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. The sovereign immunity created in this article protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint,* 2011 WL 286133 (D.S.C.), citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 78 (1989); *see also Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the

United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities"). Generally, the doctrine of sovereign immunity bars suit against a State or State agency unless one of the following three exceptions applies: (1) the State or State agency waives immunity; (2) the suit is directed against a state official and requests only prospective relief; or (3) Congress has abrogated a State's immunity under particular circumstances. *Noe v. West Virginia,* 2010 WL 3025561 at *4 (N.D.W.Va.). In the present case, the WVRJA has not waived its immunity and Hart asks only for monetary damages; accordingly, the first and second exceptions to the application of sovereign immunity are inapplicable.

As to the third and final exception, the Supreme Court of the United States has definitively answered the question of whether Congress intended to abrogate a State's sovereign immunity against suits brought under 42 U.S.C. § 1983. In *Will v. Michigan Department of State Police,* the Supreme Court analyzed the statute and concluded that Congress did not have the States in mind as potential defendants when it imposed liability on "persons" under § 1983. *Will,* 491 U.S. at 65. Noting that ordinary rules of statutory construction required Congress to make any alteration of the "usual constitutional balance between the States and the Federal Government ... unmistakably clear in the language of the statute," the Supreme Court observed that had Congress intended to include States as "persons," it would have explicitly done so. *Id.* at 65, citing *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985). Reaffirming this decision two years later, the Supreme Court explained that "interpreting the words '[e]very person' to exclude the States accorded with the most natural reading of the law, with its legislative history, and with the rule

that Congress must clearly state its intention to alter 'the federal balance' when it seeks to do so." *Hafer v. Melo,* 502 U.S. 21, 26 (1991), citing *Will,* 491 U.S. at 65.

Acknowledging the Supreme Court's interpretation of the word "person" in § 1983, the United States District Court for the Northern District of West Virginia addressed the corollary question of whether the WVRJA was a state agency entitled to sovereign immunity against § 1983 claims. *Roach v. Burch,* 825 F.Supp. 116 (N.D.W.Va. 1993). Using generally accepted factors to assess whether the WVRJA was "an arm" or "alter ego" of the State, and thus entitled to the same treatment, the District Court ultimately held that it was; hence, the WVRJA is "not a 'person' suable under § 1983." *Roach v. Burch, supra* at 118; *see also Cantley v. Western Regional Jail and Correctional Facility Authority,* 728 F. Supp. 2d 803 (S.D.W.V. 2010)(finding that the West Virginia Regional Jail and Correctional Facility Authority is not a "person" subject to suit under § 1983). Consequently, none of the exceptions to sovereign immunity exists in this case.

In light of this clearly established law, the undersigned respectfully **PROPOSES** that the presiding District Judge **FIND** that the WVRJA is not a "person" subject to suit under § 1983 and is entitled to sovereign immunity in this action.

### B. Lockhart Did Not Act Under Color of State Law

Hart also names Lockhart and Lockhart Bonding ("Lockhart") as a defendant herein; presumably, because it issued the bail bonds that secured Hart's release. Hart provides no further explanation of his claims against Lockhart and, more importantly, articulates no nexus between the issuance of the bonds and his alleged wrongful incarceration. To the contrary, Hart asserts that the bonds were in place, had not been revoked, and as a result, provided the grounds for his release. Accordingly, Hart fails to

state adequate facts to support a claim against Lockhart that is plausible on its face.

In any case, even assuming Hart could conjure up a factual connection between his injury and Lockhart, Hart's claim is not properly brought in a § 1983 action. The complaint and attached exhibits are devoid of any evidence that Lockhart, a private corporation,[3] acted in an official capacity with the State of West Virginia or "under color" of state law when it issued the bail bonds. In *Conner v. Donnelly,* 42 F.3d. 220 (4th Cir. 1994), the Fourth Circuit Court of Appeals described the following situations in which conduct by a private entity would constitute "state action:"

> First, a private party that is regulated by the state acts under color of state law where there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. *(citations omitted).* Second a private party acts under color of state law where the State, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state. *(citations omitted).* Finally, a private party acts under color of state law where "the private entity has exercised powers that are 'traditionally the exclusive prerogative of the state.'" *(citations omitted).*

*Id.* at 224. In the absence of facts establishing one of these situations, a § 1983 complaint against a private party must be dismissed as "[p]urely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983." *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121 at *4-5 (D.S.C. 2010); *see also Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961). Hart alleges no such circumstance in the instant action. Therefore, the undersigned respectfully **PROPOSES** that the presiding District Judge **FIND** that Hart fails to state a claim against Lockhart under 42 U.S.C. § 1983.

---

[3] According to the West Virginia Secretary of State's business organizations database, Lockhart & Lockhart, Inc. was incorporated as a privately held, for profit corporation on October 6, 2003.

### C. Plaintiff Fails to Allege Facts to Support a Claim Against the Clerk of the Magistrate Court

Finally, Hart sues the Clerk of the Magistrate Court,[4] but again provides no factual basis for the claim. After conducting a thorough review of the complaint and attachments, the undersigned finds no particularization as to what the Clerk purportedly did or failed to do that resulted in Hart's alleged wrongful incarceration. Hart offers nothing more than the bald and unsupported legal conclusion that he "was unlawfully incarcerated by the WVRJA and the County of Cabell West Virginia Magistrates Office." (Docket No. 2 at 4).

The liberal construction afforded to *pro se* complaints requires the Court to accept a pleading that, although inartful, can reasonably be read to state a valid cause of action against the named defendant. Nonetheless, this requirement does not eliminate the duty of a *pro se* plaintiff to include sufficient factual allegations to support a cognizable claim. Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal, supra* at 1950, citing *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2nd Cir. 2007). While the Court is required to accept as true the factual allegations asserted in the complaint, it is not required to accept the legitimacy of legal conclusions that are "couched as . . . factual allegation[s]." *Ashcroft v. Iqbal, supra* at 1949, quoting *Bell Atlantic Corp v. Twombly*, *supra* at 1955. Moreover, the Court need not develop, nor tolerate a complaint that fails to "allege anything that even remotely

---

[4] The undersigned has assumed for the purposes of this discussion that Hart sued the Clerk of the Magistrate Court. In truth, the identity of the intended defendant is not entirely clear. In the style of the case, Hart names the "Cabell County Magistrate Clerk." In the "Parties" section of the complaint, he lists the "Cabell County Magistrate Clerk's Office," and in the Statement of Claim, he identifies the "County of Cabell West Virginia Magistrate's Office."

suggests a factual basis for the claim." *See Weller v. Dep't of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990). Here, factual contentions pertaining to the Clerk are nonexistent, leaving the Court to construct Hart's theory based purely upon speculation; this is something the Court simply cannot do. Accordingly, the undersigned respectfully **PROPOSES** that the presiding District Judge **FIND** that Hart has failed to allege sufficient facts to establish a plausible claim against the Clerk of the Magistrate Court.

## IV.     Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1.     Plaintiff's § 1983 Complaint (Docket No. 2) be **DISMISSED**, with prejudice;

2.     Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED** (Docket No. 1) as moot; and

3.     This case be removed from the Court's docket.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the petitioner, the respondents, and any counsel of record.

**FILED:** March 5, 2012.

Cheryl A. Eifert
United States Magistrate Judge